IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TIFFANY O.

        Plaintiff,        Civil Action No.
  v.                         3:15-CV-0104 (DEP)

NANCY A. BERRYHILL,[1] Acting Commissioner
of Social Security,
        Defendant.

---

TIFFANY O.

        Plaintiff,       Civil Action No.
  v.                         3:17-CV-384 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,
        Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

LACHMAN & GORTON             PETER A. GORTON, ESQ.
1500 Main St.
P.O. Box 89
Endicott, New York 13761-0089

FOR DEFENDANT:

---

[1] Carolyn W. Colvin, the former Acting Commissioner of Social Security, has been replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn W. Colvin was sued in the first of those two actions only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn W. Colvin as the named defendant in that case. *See* Fed. R. Civ. 25(d).

| | |
|---|---|
| HON. GRANT C. JAQUITH<br>United States Attorney<br>Northern District of New York<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | ELIZABETH D. ROTHSTEIN, ESQ.<br>SERGEI ADEN, ESQ.<br>VERNON NORWOOD<br>Special Assistant U.S. Attorneys |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiff Tiffany O. initiated the two above-captioned actions in this court seeking judicial review of determinations by the Acting Commissioner of Social Security ("Acting Commissioner"), which denied her application for social security benefits.[2] Plaintiff having succeeded in this court in both cases, and the court having remanded the matter to the agency in connection with her second action with a directed finding of disability, resulting in an award of past due benefits, plaintiff's attorney now seeks an order, pursuant to 42 U.S.C. § 406(b), awarding him fees in the amount of $20,289.80, conditioned upon his return to plaintiff of $11,960.00 previously awarded to him under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, the

---

[2] These two matters are before me on consent of the parties, pursuant to 28 U.S.C. § 636(c). *See* Civil Action No. 15-CV-0104, Dkt. No. 13; Civil Action No. 17-CV-384, Dkt. No. 6.

motion of plaintiff's counsel, which the Acting Commissioner has not opposed, will be granted.

I.     BACKGROUND

Plaintiff commenced the first of these two actions on January 28, 2015, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), to challenge a final determination by the Acting Commissioner denying her applications for disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act, respectively. Civil Action No. 15-CV-0104, Dkt. No. 1. That denial was based upon a decision by Administrative Law Judge Bruce Fein, issued on August 29, 2013, and a subsequent decision of the Social Security Administration Appeals Council on December 17, 2014, denying plaintiff's request for review of that determination, *id.*, Dkt. No. 16 at 6. On October 13, 2015, I issued an order granting plaintiff's motion for judgment on the pleadings, vacating the Acting Commissioner's determination, and remanding the matter to the agency for further consideration. *Id.*, Dkt. No. 16. Judgment was subsequently entered, based upon that order, also on October 13, 2015. *Id.*, Dkt. No. 17.

Following that remand, plaintiff's counsel, Peter A. Gorton, Esq., applied for an award of attorney's fees in the matter pursuant to the EAJA.

Civil Action No. 15-CV-0104, Dkt. No. 18. In that application, Attorney Gorton requested compensation for a total of 31.2 hours expended in pursuit of plaintiff's request for judicial review, to be calculated at an effective hourly rate of $194.94, for a total award of $6,082.13. *Id.* An order was subsequently issued on October 28, 2015, based upon a stipulation of the parties, directing payment of fees under the EAJA to plaintiff's counsel in the amount of $5,800.00. *Id.*, Dkt. Nos. 19, 20.

As a result of further administrative proceedings conducted by the agency, following the remand, and a directive by the Social Security Administration Appeals Council that the case be assigned to a new administrative law judge, a decision was issued on December 8, 2016, by Administrative Law Judge Elizabeth Koennecke, again finding that plaintiff was not disabled at the relevant times and therefore ineligible for the benefits sought.

Following the issuance of ALJ Koennecke's decision, plaintiff commenced the second of these actions on January 12, 2018, again seeking judicial review of the Acting Commissioner's determination. Civil Action No. 17-CV-0384, Dkt. No. 1. An order was issued in the action by me on January 11, 2018, granting plaintiff's motion for judgment on the pleadings, vacating the Acting Commissioner's determination, and

remanding the matter to the Acting Commissioner with a directed finding of disability for the sole purpose of calculating benefits owing to plaintiff. *Id.*, Dkt. No. 19. Judgment was subsequently entered on January 12, 2018, in accordance with that order. *Id.*, Dkt. No. 20.

Following the issuance of my remand order, Attorney Gorton again sought recovery of attorney's fees pursuant to the EAJA. Civil Action No. 17-CV-0384, Dkt. No. 21. In that application, plaintiff's counsel requested compensation for a total of 31.6 hours expended in pursuit of plaintiff's second request for judicial review, to be calculated in an effective hourly rate of $194.94, for a total award of $6,160.10. *Id.* An order was subsequently issued on February 9, 2018, based upon the stipulation of the parties, directing payment of fees under the EAJA to plaintiff's counsel in the amount sought. *Id.*, Dkt. No. 22, 23.

Based upon the court's directive, a fully favorable decision was issued by the Acting Commissioner on or about June 15, 2018, awarding plaintiff total back benefits in the sum of $81,159.20. Civil Action No. 15-CV-0104, Dkt. No. 21-1 at 1; Dkt. No. 21-3 at 2. Of that amount, the sum of $20,289.80, equalling twenty-five percent of the benefits owing, was withheld to be applied toward plaintiff's attorney's fees. *Id.*, Dkt. No. 21-1 at 1.

On June 26, 2018, Attorney Gorton filed a motion seeking an additional award of attorney's fees for his prior work before this court, pursuant to 42 U.S.C. § 406(b), based upon the favorable result achieved and, although the application does not so state, pursuant to a retainer agreement under which plaintiff agreed to compensate him to the extent of twenty-five percent of past due benefits awarded in the event of a favorable decision.[3] In his request, Attorney Gorton seeks a total recovery of $20,289.80 for 62.8 hours of work performed in this court, representing an effective hourly rate of $323.09. That request is subject to Attorney Gorton's agreement to return the $11,960.00 previously paid in connection with his two EAJA applications to plaintiff if his current request is granted. Civil Action No. 15-CV-0104, Dkt. No. 21-1.

The Acting Commissioner responded to Attorney Gorton's application for recovery of attorney's fees, by letter dated August 15, 2018, from Special Assistant United States Attorney Elizabeth Rothstein. Civil Action No. 15-CV-104, Dkt. No. 25. In that letter, counsel stated that the agency does not oppose the application, but notes the court's

---

[3] At the court's request, plaintiff's counsel filed a copy of his retainer agreement with plaintiff, confirming her agreement to pay attorney's fees in the amount of twenty-five percent of any past benefits awarded. Civil Action No. 17-CV-384, Dkt. No. 25.

responsibility to insure that the requested relief is reasonable and does not result in an improper windfall to counsel.[4] *Id.*

II. DISCUSSION

Plaintiff's application is made pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> (b) Fees for representation before court
>
> > (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). As the Supreme Court has noted, section 406(b) does not supplant contingency fee arrangements, such as that entered

---

[4] As counsel for the Acting Commissioner correctly observes, despite the lack of objection, the court nonetheless is duty-bound under 42 U.S.C. § 406(b) to confirm the reasonableness of the award sought. Civil Action No. 15-CV-104, Dkt. No. 25 at 2; *see also Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1167 (C.D. Cal. 2006).

into between plaintiff and her attorney, but does require the court to engage in an independent analysis to assure that the result dictated by the contingency arrangement is reasonable given the circumstances of the particular case at hand. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).

In awarding attorney's fees under section 406(b) where there is an underlying contingency fee agreement, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). The reasonableness of a contingency fee agreement in a Social Security case is informed by several factors, including whether (1) there is evidence of fraud, (2) the attorney was ineffective or caused unnecessary delay, and (3) the fee would result in a windfall to the attorney in relation to the services provided. *Schiebel v. Colvin*, No. 14-CV-0739, 2016 WL 7338410, at *2 (N.D.N.Y. Dec. 19, 2016) (Kahn, J.) (citing *Wells*, 907 F.2d at 372) (other citations omitted). Courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989). "If the attorney is responsible for delay," or "[i]f benefits are large in comparison to the

amount of time counsel spent on a case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808. In short, if counsel's representation does not warrant recovery of the amount agreed upon, the court may reduce the award.

In this case, there is no evidence of fraud. Moreover, Attorney Gorton's persistent efforts on plaintiff's behalf proved effective in challenging the Acting Commissioner's denial of benefits, and there is no suggestion that he delayed in his representation of plaintiff. The focus of the court's evaluation of the pending request is therefore upon whether the requested fee would result in a windfall to plaintiff's counsel.

In determining whether compensation pursuant to a retainer agreement would result in a windfall to counsel, the court considers whether (1) the attorney's efforts were successful for the plaintiff; (2) there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate, but rather arguments involving issues of material fact and research; and (3) the case was handled efficiently due to the attorney's experience in handling Social Security cases. *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

The effective hourly rate associated with Attorney Gorton's fee application gives the court no reason for concern. Although cases

addressing applications made under such fee shifting statutes as 42 U.S.C. § 1988, for example, are not directly applicable, the rate at which recovery is now sought is only slightly higher than the hourly rates typically applied by this court to applications filed under those fee-shifting statutes.[5] *See, e.g., Stevens v. Rite Aid Corp.*, No. 13-CV-0783, 2016 WL 6652774, at *3 (N.D.N.Y. July 6, 2016) (McAvoy, J.) ("Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." (quotation marks omitted)). Those types of fee-shifting provisions, moreover, under which a losing party can be required to pay attorney's fees to a prevailing party, are distinct from the statute under which Attorney Gorton's current application is made, allowing plaintiffs to enter into contingency fee agreements with lawyers willing to take their cases. Permitting such arrangements that, as is the case in this instance, result in recovery of fees at effective rates higher than ordinarily sanctioned in fee-shifting cases, serves an important purpose of

---

[5] The lodestar method of calculating attorney's fees does not apply in the context of awarding fees under 42 U.S.C. § 406(b). *Gisbrecht*, 535 U.S. at 806; *see also Wells*, 907 F.2d at 371 ("[T]he traditional lodestar method borrowed from the fee shifting context is not appropriate for evaluating a reasonable fee to be paid by the client in a Social Security case where there is a contingent fee agreement.").

encouraging lawyers to agree to represent Social Security claimants, many of whom are of limited resources.

With respect to the first windfall factor, Attorney Gorton's efforts were undeniably successful because plaintiff, whose applications for benefits were initially denied, secured a recovery of past due benefits as a result of her counsel's representation. The second factor also weighs in favor of granting the request. Plaintiff's briefs and arguments raised in both of these proceedings were capably prepared and involved minimal boilerplate content. Addressing the third factor, the court is familiar with, and acknowledges, Attorney Gorton's skill and legal expertise in Social Security cases.

In determining whether the requested fee would result in a windfall the court must also examine the effective hourly rate associated with the application. The effective rate of $323.09 is relatively modest, by comparison, and falls well within the range of rates approved by courts in this district and elsewhere when analyzing applications under 42 U.S.C. § 406(b). *See, e.g. Schiebel v. Colvin*, No. 6:14-CV-00739, 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016) (Kahn, J.) (accepting a contingency fee agreement with an effective hourly rate of $975.68);

*Joslyn*, 389 F. Supp. 2d at 455-56 (accepting a contingency fee agreement with an effective hourly rate of $891.61).

Inasmuch as there is no evidence of fraud, Attorney Gorton's representation was effective, and the fee agreement would not result in a windfall to counsel, and in deference to the parties' contingency fee agreement, I find that the amount now sought is reasonable under the circumstances.

III. SUMMARY AND ORDER

Plaintiff and her counsel, Peter Gorton, Esq., entered into a contingency fee agreement under which plaintiff agreed to compensate Attorney Gorton in the amount of twenty-five percent of past due benefits awarded to her in the event of a favorable decision. Having reviewed the pending application for approval of the payment of fees, I conclude that the amount now sought by Attorney Gorton pursuant to that arrangement is reasonable and would not result in a windfall to counsel. Accordingly, it is hereby

ORDERED as follows:

(1)   Attorney Peter A. Gorton, Esq., is hereby awarded the sum of $20,289.80, pursuant to 42 U.S.C. § 406(b), as fees pursuant to his

agreement with plaintiff, to be paid from the amount withheld by the Acting Commissioner from the past due benefits awarded to plaintiff.

(2) Attorney Peter A. Gorton, Esq. is hereby directed to refund to plaintiff the sum of $11,960.00 previously awarded in those two matters as attorney's fees pursuant to the EAJA.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   September 7, 2018
         Syracuse, New York